992

■ In the Matter of the Estate of FRANK A. LUDLAM, Deceased. EL RENA L. SCHOELLES, Appellant; NATHAN ZAUSMER et al., as Executors of FRANK A. LUDLAM, Deceased, Respondents.— Motion for leave to appeal to the Court of Appeals denied. Present — Wenzel, Acting P. J., Beldock, Murphy, Ughetta and Kleinfeld, JJ. [See *ante*, p. 890.]

■ GERALD H. S. KENDALL, Respondent, v. NEWSDAY, INC., Appellant.— Motion for leave to appeal to the Court of Appeals denied. Present — Wenzel, Acting P. J., Beldock, Murphy, Ughetta and Kleinfeld, JJ. [See *ante*, p. 864.]

■ IDA DAUMANN, Respondent, v. PAUL DAUMANN, Appellant.— In a consolidated action the appeal is from an order referring respondent's motion to enforce a stipulation settling the action to an Official Referee to hear and determine whether the parties have complied with the stipulation. Order modified by striking therefrom " hear and determine " and by substituting therefor " hear and report ". As so modified, order affirmed, without costs. In view of the fact that the decision of the Official Referee may not end the litigation in this consolidated action, proper procedure requires that the reference should not be one to hear and determine (see Civ. Prac. Act, § 467; Judiciary Law, §§ 116, 116-a). Nolan, P. J., Wenzel, Beldock, Ughetta and Kleinfeld, JJ., concur.

■ In the Matter of WALTER E. BLUM et al., Appellants, against BOARD OF ZONING AND APPEALS OF THE TOWN OF NORTH HEMPSTEAD et al., Respondents, and SADDLE ROCK ESTATES LAND CO., INC., Intervenor-Respondent.— Proceeding, pursuant to article 78 of the Civil Practice Act and section 267 of the Town Law, to review a determination of the board of zoning and appeals of the Town of North Hempstead granting (1) an application for a permit to construct a swimming pool and an accessory building in a " Residence A " district, (2) an exception to the requirements of section 280-a of the Town Law and (3) a variance of provisions in the controlling ordinance as to depth of the pool, front yard setback and percentage of building area. The appeal is from an order dismissing the petition and confirming the determination. Order unanimously affirmed, with one bill of $10 costs and disbursements. No opinion. Present — Nolan, P. J., Wenzel, Beldock, Murphy and Ughetta, JJ.

■ In the Matter of the Charges Made by J. IRWIN SHAPIRO, as Commissioner of Investigation of the State of New York, Petitioner, against LESTER H. DAVIS, as Justice of the Peace of the Town of Brookhaven, Respondent.— Pending the determination of the charges made against respondent in a proceeding brought to remove him from the office of Justice of the Peace of the Town of Brookhaven, he resigned that office. It is our opinion that since the purpose of the proceeding has been effected by respondent's resignation, the proceeding has become moot and no further action therein by this court is required or permissible (see Code Crim. Pro., § 132). The proceeding is accordingly dismissed. Present — Nolan, P. J., Beldock, Murphy, Ughetta and Kleinfeld, JJ.

■ In the Matter of the Charges Made by J. IRWIN SHAPIRO, as Commissioner of Investigation of the State of New York, Petitioner, against MOSES W. DRAKE, as Justice of the Peace of the Town of Islip, Respondent.— Pending the determination of the charges made against respondent in a proceeding brought to remove him from the office of Justice of the Peace of the Town of Islip, he resigned that office. It is our opinion that since the purpose of the proceeding has been effected by respondent's resignation, the proceeding has become moot and no further action therein by this court is required or permissible (see Code Crim. Pro., § 132). The proceeding is accordingly dismissed. Present — Nolan, P. J., Beldock, Murphy, Ughetta and Kleinfeld, JJ.